ADELINE BRABBLE AND CAROLINE SNOWDEN ET AL.
v. J. L. BRUMSEY.

(Filed 20 September, 1916.)

**Appeal and Error—Technical Error—Reversible Error.**

Where the controversy over lands depends on the location of a boundary, and it is not disputed that the parties held title under the descriptions contained in their deeds: *Held*, an expression of opinion of the witness as to certain marks having been made with an axe, when this is inconsequential, and a charge of the court as to the character of the possession necessary to take the title out of the State, if technical, are not reversible error.

ACTION tried before *Bond, J.,* and a jury at January Term, 1916, of CURRITUCK. Appeal by the plaintiffs from a judgment in an action to try the title to land and to recover damages for trespass thereon.

Two actions were instituted, one in favor of the plaintiff Brabble and the other in favor of the plaintiff Snowden, and were consolidated. The deed under which the plaintiffs claim called for 65 acres of land, and leaving out the land in controversy, they have $66\frac{9}{10}$ acres. The land in controversy is 3 acres, of which $1\frac{3}{10}$ acres is claimed by the plaintiff Brabble and $1\frac{7}{10}$ acres by the plaintiff Snowden.

Issues were submitted to the jury and they were answered in favor of the defendant, and from the judgments rendered thereon the plaintiffs appealed.

*Ehringhaus & Small and Aydlett & Simpson for plaintiffs.*
*A. M. Simmons and Ward & Thompson for defendant.*

PER CURIAM. There are several exceptions in the record which we have examined, none of which will justify ordering a new trial.

Those principally relied on are, first, the statement of the witness that it was his impression that certain marks were made with an axe, and, second, to the charge of the court that the possession must be continuous under color to take the title out of the State.

There is nothing to show that the opinion expressed by the witness as to the mark was material or in any way influenced the verdict, and his Honor did not, in fact, charge as claimed as to the continuity of possession.

If, however, he had done so, and conceding that this would have been technically erroneous, it would not be reversible error for the reason that it was not disputed that the plaintiffs had been in possession of the land within their deeds and outside of the dispute continuously, and the real question for the jury to determine was the location of the boundaries, and this has been settled by the verdict under instructions which are without error.

No error.